UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDUARS JACQUIN | No. 19 CR 754-1<br><br>Judge Mary M. Rowland |

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the reasons that follow, the government believes a sentence between 63 and 78 months would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

## I. Preliminary Advisory Sentencing Guidelines Calculation

The government agrees with the criminal-history and offense-level calculations set forth in the Presentence Investigation Report submitted by the United States Probation Office, except for Probation's position that Jacquin should receive a role enhancement. It is the government's view that defendant's total offense level (including after a two-level downward variance) is 29 and his criminal history category is III, resulting in an advisory Guidelines range of 108 to 135 months' imprisonment.

The government also believes defendant is safety valve eligible.

## II. The Defendant Should Receive a Below Guideline Sentence

A sentence between 63 and 78 months is sufficient, but not greater than necessary, to comply with the principles set forth in 18 U.S.C. § 3553(a).

### A. Nature and Circumstances of the Offense

The details of the offense are set forth in the plea agreement, government's version, and the criminal complaint. In summary, defendant and his former boyfriend, co-defendant Paul Mosley, distributed quantities of crystal meth to a cooperating source on a number of occasions.

### B. History and Characteristics of Defendant

Defendant's history and characteristics offer mitigation in this case. Defendant suffers significant health problems, he has struggled with drug abuse, and he experienced severe issues in his youth. He has never served a significant term of custody, and his criminal history is consistent with someone dealing with drug addiction.

All of this mitigation leads the government to believe that a below Guideline sentence is appropriate.

### C. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

This is a serious offense and defendant's sentence should reflect that, which is why a significant custodial sentence remains called for. Methamphetamine is a dangerous drug that destroys lives (including defendant's) and communities.

## III. Government's Proposed Terms of Supervised Release

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government recommends the imposition of a term

of supervised release of three years. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in the defendant's rehabilitation and reintegration into society, the government recommends that the one-year term of supervised release include the conditions set forth below:

**A. Mandatory Conditions**

The following mandatory conditions would serve to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation:

- Not commit another federal, state or local offense;
- Not unlawfully possess a controlled substance;
- Submit to the collection of a DNA sample from the defendant at the direction of the U.S. Probation Office if the collection of such a sample is authorized pursuant to 42 U.S.C. § 14135a(a); and
- Refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.

**B. Discretionary Conditions of Supervision**

The following conditions would serve to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes:

- Remain within the jurisdiction where the defendant is being supervised, unless granted permission to leave by the court or a probation officer (Discretionary Condition #14);
- Report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment, and thereafter report to a probation officer at reasonable times as directed by the court or a probation officer. (Discretionary Condition #15);
- Permit the probation officer to visit the defendant at home, work, at school, at a community service location, or other reasonable location specified by a probation officer, at any reasonable time, and to confiscate any contraband in plain view of the officer (Discretionary Condition #16);
- Notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer (Discretionary Condition #17);
- Notify a probation officer within 72 hours of being arrested or questioned by a law enforcement officer (Discretionary Condition #18);
- Submit person, property, house, residence, vehicle, papers, and other deices to search (Discretionary Condition #23);

- Not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court (Special Condition #11)
- Observe on Reentry Court session (Special Condition #13).

The following conditions would support the defendant's rehabilitation and reintegration into the community and would help ensure that the defendant is engaged in lawful pursuits:

- Seek, and work conscientiously at, lawful employment or, if you are not gainfully employed, you shall pursue conscientiously a course of study or vocational training that will equip you for employment (Discretionary Condition #4);
- Refrain from knowingly meeting or communicating with any person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity (Discretionary Condition #6);
- Refrain from excessive use of alcohol, and from any use of a narcotics drug (Discretionary Condition #7);
- Refrain from possessing a firearm, destructive device, or other dangerous weapon (Discretionary Condition #8);
- Participate, at the direction of Probation, in a substance abuse treatment program, which may include urine testing up to a maximum

of 104 tests per year, as well as mental health treatment. (Discretionary Condition #9);

- Participate in a sex offender evaluation/assessment, which may include psychological and physiological testing. The specific program and provider will be determined by a probation officer. If treatment is deemed necessary by the provider, the offender shall comply with all recommended treatment, which may include psychological and physiological testing. (Special Condition #14).

## IV. Conclusion

For the foregoing reasons, the government requests that the Court sentence Eduars Jacquin between 63 and 78 months' imprisonment.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Andrew C. Erskine*
ANDREW C. ERSKINE
Assistant U.S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-1875

Dated: November 21, 2022